Per Curiam.

Plaintiff’s husband, in entering Payne Avenue, a main thoroughfare, from a side street, was obliged, by Section 6307-42, General Code (Section 4511.43, Revised Code), to yield the right of way to all traffic approaching in a lawful manner on Payne Avenue. It was his duty to look for approaching traffic at a time and place when such looking would be effective. This he failed to do.
An excellent review and analysis of the evidence is found in the dissenting opinion in the Court of Appeals, wherein it is stated:
“* * % there is no evidence of negligence on the part of the defendant that could reasonably have been a proximate cause of the accident. The only evidence of the alleged negligent operation of the bus came from plaintiff’s husband and driver of her automobile as her agent when he testified that after moving south on East 26th Street into Payne Avenue and com *179 ing to a second stop part way across the street (Payne Avenne), he saw the bus more than a block to the west going 40 miles per hour. He testified that he did not again see the bus until it struck the automobile he was driving which was then nearly across Payne Avenue and partly on East 26th Street to the south.
“From the evidence, in order to establish negligence at the place of the accident on the part of the defendant, it must be assumed that the bus continued at such unlawful speed for over a block to the point of collision. There is no evidence to support such fact. If it be argued that the bus may have been so close when plaintiff’s husband observed it, that its unlawful speed would deprive the defendant of its right of way on a main thoroughfare over plaintiff, then moving south across Payne Avenue at its intersection with East 26th Street, then the plaintiff’s husband and agent would be guilty of contributory negligence as a matter of law because he knew of the alleged unlawful speed of the bus and proceeded from a standing position directly into its path. In other words, the only evidence of negligence of the defendant comes from the plaintiff’s witness who was driving her automobile as her agent who testifies that while he was yet in a place of safety, with full knowledge of how fast the bus was coming toward him (40 miles per hour), he drove directly into its path.”
This court is of the opinion that the trial court was correct, and that the Court of Appeals was in error in reversing its judgment. The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.